UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

THOMAS RIDGEWAY                                                                                      PLAINTIFF

v.                                                                            CIVIL ACTION NO. 5:11CV-P198-R

COMMONWEALTH OF KENTUCKY                                                                 DEFENDANT

### MEMORANDUM OPINION

This matter is before the Court for screening of the *pro se* action pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, this action will be dismissed.

### I.

Plaintiff is an inmate currently housed at the Laurel County Detention Center. He initiated this action by filing a hand-written document asserting violations of his constitutional rights. The Court entered an Order (DN 3) directing Plaintiff to re-file his complaint on a Court-approved form. That Order also directed Plaintiff to state specifically the facts of his case, to state how he believed his constitutional rights were violated, to describe how each Defendant violated his rights, and to set forth the dates on which each event took place.

In response to the Order, Plaintiff filed an amended complaint (DN 5) naming the Commonwealth of Kentucky as the sole Defendant. The amended complaint states, "Violation of U.S. Constitut. civil liberties and civil rights have occured from the date stated unlawfully detaining citizen and unlawful seizure of property and animal. Unlawful arrest wrongful imprisonment inhumane treatment to present." He states that the incidents have occurred "continually the entire time. Specific dates are not calculable." He states that he was denied due process and medical aid. He also states, "unlawful use of force causing injury and unlawful use of

religious practice." Plaintiff further states, "The Commonwealth of Kentucky and/or agents employed by/or in association with has engaged in activities that are unlawful, and in violation of the civil liberties/rights/freedoms guaranteed myself a natural born citizen." He also states, "They have committed acts beginning in July 2009 that have physically injured me caused me the loss of personal liberties/freedoms." He states, "Right to freedom, liberty freedom from religious pract right to due process . . . persecution, harrassment, right to safety . . . tasered/without cause denied aid services humanitarian aid/medical." Further, Plaintiff states:

> The state has committed violent and dangerous acts against me without cause in the past, and it is reasonable to suspect there is a possibility they may act violently towards me in the future possibly as retaliation for this case. I request these risks be assessed and thoroughly considered by the Court.

As relief, Plaintiff seeks "Civil Justice."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light

most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Although the Court must construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis of [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains. *See Rizzo v.*

3

*Goode*, 423 U.S. 362, 375-76 (1976).  "It is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings."  *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (dismissing a complaint brought under § 1983).  A complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'"  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).  This means that Plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right."  *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002).  The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions.  *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

   Here Plaintiff alleges violations of his civil rights and liberties; unlawful detention, seizure of property, and arrest; denial of due process; denial of medical aid; inhumane treatment; unlawful use of force; "unlawful use of religious practice"; physical injury; persecution; harassment; and unlawful tasing.  However, Plaintiff's complaint contains no more than conclusory allegations.  It does not contain the required "further factual enhancement" to support his allegations.  *See Iqbal*, 556 U.S. at 678 (citation omitted).  The Court notes that in the Order directing Plaintiff to re-file his complaint on a Court-approved form, the Court directed Plaintiff to state specifically the facts of his case, to state how he believed his constitutional rights were violated, to describe how each Defendant violated his rights, and to set forth the dates on which each event took place.  Plaintiff failed to do so.

4

Accordingly, Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted.

Furthermore, Plaintiff names only the Commonwealth of Kentucky and not any individual responsible for the alleged constitutional violations. To the extent Plaintiff seeks to hold the Commonwealth of Kentucky liable as the employer of any individuals who committed any unconstitutional act, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Finally, the Commonwealth of Kentucky is immune from suit under the Eleventh Amendment and is not a "person" subject to suit under § 1983, further warranting dismissal of the action. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

For the foregoing reasons, Plaintiff's complaint will be dismissed by separate Order.

Date:

cc:     Plaintiff, *pro se*
4413.010

5